UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK KAVANAUGH,<br><br>    Appellant,<br><br>    v.<br><br>KENNETH E. FORRY,<br><br>    Appellee. | DISTRICT COURT CASE NO. 06-1267 AWI<br><br>BANKRUPTCY COURT CASE NO. 05-18587-B7<br><br>ORDER RE: MOTION TO TRANSFER APPEAL TO THE BANKRUPTCY APPELLATE PANEL |

    This matter is an appeal of a bankruptcy court order removing Appellant as the trustee in Kenneth Forry's Chapter 7 bankruptcy. Debtor has elected to have the matter heard in district court under 28 U.S.C. §158(c)(1)(B). Appellant has filed a motion to vacate this election and to transfer the appeal to the Bankruptcy Appellate Panel, arguing that Debtor has no standing to make this election. Debtor filed a late opposition. The matter was taken under submission without benefit of oral argument.

### I. History

    On October 6, 2005, Debtor Kenneth Forry filed a voluntary Chapter 7 bankruptcy petition. Appellant Patrick Kavanaugh was assigned as trustee on that date. On January 5, 2006, the Debtor was discharged. On June 8, 2006, Appellant made a motion to compel Debtor to turn over money and real property Appellant alleged was being wrongfully withheld from the bankruptcy estate. On July 11, 2006, Bankruptcy Judge Richard Lee issued a sua sponte order to

show cause why Appellant should not be removed as trustee in the case for failing to diligently perform his duties.  The OSC hearing was held on August 8, 2006 at which the Appellant, Debtor, and U.S. Trustee's office appeared.  On August 10, 2006, Judge Lee issued an order removing Appellant as trustee for cause.

On August 18, 2006, Appellant filed an appeal to the B.A.P., naming himself, Debtor, and the U.S. Trustee's office as parties to the order appealed from. Doc. 1, at 11.  Debtor elected to have the appeal heard in district court.  Appellant then made this motion to have the election vacated and to have the care retransferred to the B.A.P with hearing set for October 30, 2006.  Debtor did not file a timely response.  The court took the matter under submission by order signed on October 26, 2006 and filed on October 27, 2006.  Meanwhile, Debtor filed a late opposition on October 26, 2006.  Local Rule 78-230(c) says only that "No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."  The substance of the written filing may still be considered at the discretion of the court.

## II. Legal Standards

Appeals from bankruptcy court are referred to the Bankruptcy Appellate Panel "unless- (A) the appellant elects at the time of filing the appeal; or (B) any other party elects, not later than 30 days after service of notice of the appeal, to have such appeal heard by the district court."  28 U.S.C. §158(c)(1).

## III. Discussion

The burden in this motion lies with the Appellant.  Though Appellant claims the Debtor does not have "standing" to make the election, this is not a question of subject matter jurisdiction.  District courts have clear jurisdiction to hear bankruptcy appeals.  Rather, Appellant effectively claims that Debtor is not an "other party" under 28 U.S.C. §158(c)(1)(B).

Appellant cites to Duckor Spradling & Metzger v. Baum Trust, 177 F.3d 774, 777 (9th Cir. 1999) for the proposition that an appellant must be a "person aggrieved" by the order being

appealed. Doc. 4, Brief, at 4:2-12. Appellant argues that "The same standard for who has 'standing' to file an appeal should be applied to who is a 'party' to the appeal, and therefore who has standing to elect to move an appeal to the district court." Doc. 4, Brief, at 4:15-17. That is, Appellant says who qualifies as "any other party" is also subject to the "person aggrieved" test. However, this definition would exclude an appellee whose interests were completely vindicated by the bankruptcy court's order. A party who "wins" a contested motion is not "aggrieved" by the order in any way. Under Appellant's logic, an appellee would not have the right to make the election.

Appellant cites no cases identifying or limiting who "any other party" can be. Review of case law reveals one instance where the Ninth Circuit B.A.P. dealt "with the statutory 30-day deadline for 'any other party' (including *appellees*) under 28 U.S.C. §158(c)(1)(B)....in the interest of lawyerly precision, we actually mean 'any other party' to the appeal when we speak of appellees." In re Mackey v. Sessions Payroll Management, 232 B.R. 784, 785 and 787 (B.A.P. 9th Cir. 1999), emphasis in the original. Though that case did not deal with the legal issue presented here (who has the right to resort to 28 U.S.C. §158(c)(1)(B)), the language used unambiguously suggests that appellees are presumptively eligible. This interpretation is supported by a Sixth Circuit B.A.P. decision that said while appellees are included under "any other party," cross appellant-appellees could not rely on 28 U.S.C. §158(c)(1)(B) when they did not elect to go to district court in their initial filing of the cross appeal under 28 U.S.C. §158(c)(1)(A). In re Snell, 237 B.R. 636, 637-8 (B.A.P. 6th Cir. 1999), citing In re Mackey v. Sessions Payroll Management, 232 B.R. 784, 785 (B.A.P. 9th Cir. 1999). In Appellant's own initial appeal notice, he listed Debtor as one of the "parties to the order appealed from." Doc. 1, at 11. As such, the Debtor will be considered an appellee in this case with full authority to request that the appeal be heard in district court.

Appellant and Debtor make additional arguments that are unrelated to the substance of the motion. Whether Debtor's attorney represented at the hearing that he was satisfied that Appellant adequately discharged his duties as a trustee is irrelevant to determining if the Debtor can make the election. Similarly, the actions of the successor trustee in valuing the real property

appealed. Doc. 4, Brief, at 4:2-12. Appellant argues that "The same standard for who has 'standing' to file an appeal should be applied to who is a 'party' to the appeal, and therefore who has standing to elect to move an appeal to the district court." Doc. 4, Brief, at 4:15-17. That is, Appellant says who qualifies as "any other party" is also subject to the "person aggrieved" test. However, this definition would exclude an appellee whose interests were completely vindicated by the bankruptcy court's order. A party who "wins" a contested motion is not "aggrieved" by the order in any way. Under Appellant's logic, an appellee would not have the right to make the election.

Appellant cites no cases identifying or limiting who "any other party" can be. Review of case law reveals one instance where the Ninth Circuit B.A.P. dealt "with the statutory 30-day deadline for 'any other party' (including *appellees*) under 28 U.S.C. §158(c)(1)(B)....in the interest of lawyerly precision, we actually mean 'any other party' to the appeal when we speak of appellees." In re Mackey v. Sessions Payroll Management, 232 B.R. 784, 785 and 787 (B.A.P. 9th Cir. 1999), emphasis in the original. Though that case did not deal with the legal issue presented here (who has the right to resort to 28 U.S.C. §158(c)(1)(B)), the language used unambiguously suggests that appellees are presumptively eligible. This interpretation is supported by a Sixth Circuit B.A.P. decision that said while appellees are included under "any other party," cross appellant-appellees could not rely on 28 U.S.C. §158(c)(1)(B) when they did not elect to go to district court in their initial filing of the cross appeal under 28 U.S.C. §158(c)(1)(A). In re Snell, 237 B.R. 636, 637-8 (B.A.P. 6th Cir. 1999), citing In re Mackey v. Sessions Payroll Management, 232 B.R. 784, 785 (B.A.P. 9th Cir. 1999). In Appellant's own initial appeal notice, he listed Debtor as one of the "parties to the order appealed from." Doc. 1, at 11. As such, the Debtor will be considered an appellee in this case with full authority to request that the appeal be heard in district court.

Appellant and Debtor make additional arguments that are unrelated to the substance of the motion. Whether Debtor's attorney represented at the hearing that he was satisfied that Appellant adequately discharged his duties as a trustee is irrelevant to determining if the Debtor can make the election. Similarly, the actions of the successor trustee in valuing the real property

in question makes no difference in the outcome of this motion.

### IV. Order

Appellant's motion to transfer the case to the Bankruptcy Appellate Panel is DENIED.

IT IS SO ORDERED.

Dated:     **November 3, 2006**                    /s/ Anthony W. Ishii
0m8i78                                         UNITED STATES DISTRICT JUDGE